Everett J. Cygal (*pro hac vice forthcoming*)
Daniel J. Schufreider (*pro hac vice forthcoming*)
**ARENTFOX SCHIFF LLP**
233 South Wacker Drive, Suite 7300
Chicago, IL 60606
Telephone: 312.258.5500
Facsimile: 312.258.5600
everett.cygal@afslaw.com
daniel.schufreider@afslaw.com

Aram Ordubegian (SBN 185142)
Christopher K.S. Wong (SBN 308048)
**ARENTFOX SCHIFF LLP**
555 South Flower Street, 43rd Floor
Los Angeles, CA 90071
Telephone: 213.629.7400
Facsimile: 213.629.7401
aram.ordubegian@afslaw.com
christopher.wong@afslaw.com

Counsel for The Catholic Mutual Relief Society of America and Catholic Relief Insurance Company

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

In re

THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California Corporation Sole,

Debtor and Debtor-In-Possession.

Case No. '26CV5985 CAB JLB

**CATHOLIC MUTUAL'S NOTICE OF MOTION AND MOTION TO FIX VENUE UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b) AND TO REFER CLAIM OBJECTIONS TO BANKRUPTCY COURT FOR PROPOSED FINDINGS AND CONCLUSIONS**

(Related Bankruptcy Case No. 24-02202-CL11, Hon. Christopher B. Latham)

Date: To Be Determined
Time: To Be Determined

**TO THE UNITED STATES DISTRICT JUDGE; AND ALL PARTIES IN INTEREST:**

The Catholic Mutual Relief Society of America and Catholic Relief Insurance Company (together, "Catholic Mutual") hereby petition this Court under 28 U.S.C. §§ 157(b)(5) and 1334(b) to take jurisdiction of certain cases filed in California state court (which have been consolidated in the JCCP 5105 proceeding) and the related proofs of claim subsequently asserted in bankruptcy proceedings in this District (Bankr. S.D. Cal. No. 24-02202-CL11), and to refer the pending objections to these claims back to the bankruptcy court for proposed findings and conclusions, in accordance with 28 U.S.C. § 157(c)(1) and S.D. Cal. General Order 322-E.[1] The basis for this motion (more fully set forth in the attached Memorandum of Points and Authorities) is briefly as follows:

1. Effective January 1, 2020, California revised its limitation statute for claims of childhood sexual abuse, reviving for three years the right to assert claims that were previously time-barred. During that window, over 450 claimants filed such lawsuits in California state court against the Roman Catholic Bishop of San Diego ("Diocese" or "Debtor) and sometimes against related entities.

2. On June 17, 2024, the Diocese filed for bankruptcy in the Southern District of California under Chapter 11 of the Bankruptcy Code. *See* Bankr. S.D. Cal. No. 24-02202-CL11, Dkt. 1. Under S.D. Cal. General Order 312-E, the case was automatically referred to the bankruptcy court, which set February 3, 2025 as the deadline to file proofs of claim. *Id.*, Dkt. 292. By that bar date, 486 unique claimants filed proofs of claim.

3. Catholic Mutual is a party in interest in the bankruptcy proceedings (11

---

[1] This Petition focuses on certain of the proofs of claim made in the bankruptcy court, and the underlying state court actions. We may seek removal of all the state court actions, which have there been consolidated in JCCP proceedings, in the future. The bankruptcy court has set March 8, 2027 as the deadline for such removal. *See* Bankr. Dkt. 2071.

U.S.C. § 1109) because it provides certain liability coverage to the Diocese. On November 17, 2025, Catholic Mutual and/or the Debtor objected to 169 of the proofs of claim, asking that they be disallowed as legally invalid on various bases. The bankruptcy court (Judge Latham) grouped these bases into eleven categories (with some claims subject to multiple categories).

4. Bankruptcy judges "may enter appropriate orders and judgments" in "all core proceedings" (28 U.S.C. § 157(b)(1)), including "disallowance of claims against the estate" (*id.* § 157(b)(2)(B)), "but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate" (*id.*). Determining that a personal injury tort claim is legally invalid is not "liquidation or estimation" of the claim.[2] Judge Latham has been considering most of the categories of objections (by setting briefing schedules and issuing rulings), but he ruled that as a bankruptcy judge he lacks jurisdiction to consider two categories of objections that "would brush up against § 157(b)(2)(B)'s limitations" because they "require factual determinations." Bankr. Dkt. 1565 at 3 & n.3.

5. These two categories are Category 3 (whether the claim originally asserted in state court satisfied the statute of limitation) and Category 10 (whether a claim can validly assert a theory that the Diocese was negligent regarding foreseeable sexual misconduct, when the alleged perpetrator was accused of such misconduct for the first time in the subject claim). In these categories, 108 claim objections remain

[2] *See In re Pac. Gas & Elec. Co.,* 279 B.R. 561, 565 n.4 (Bankr. N.D. Cal. 2002) ("the bankruptcy judge has authority to make threshold legal determinations affecting the validity of [personal injury] claims, such as whether the claims are barred by a claims deadline or statute of limitations"), *citing and following In re Chateaugay Corp.*, 111 B.R. 67, 73-74 (Bankr. S.D.N.Y. 1990) ("Although § 157(b)(2)(B) restricts a bankruptcy court's power to liquidate or estimate personal injury tort or wrongful death claims for purposes of distribution, it imposes no corollary restriction upon a bankruptcy court's ability to disallow such claims in the first instance if they are not sustainable at law. Allowing or disallowing claims is clearly a separate and distinct function from liquidating or estimating that claim."), *aff'd in relevant part*, 130 B.R. 403 (S.D.N.Y. 1991).

unresolved and 101 fall within Catholic Mutual's arguable coverage.[3]

6. If the bankruptcy court lacks jurisdiction to rule on these personal injury tort claims, this Court (the district where the bankruptcy is pending and where the claims arose) must take action, for two reasons.

7. First, 28 U.S.C. § 157(b)(5) states:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

This Court may do so by taking jurisdiction of the state-court personal injury claims and the related proofs of claim in bankruptcy, and then referring the claims to the bankruptcy judge for proposed findings and conclusions under § 157(c)(1), which allows "[a] bankruptcy judge [to] hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," and to "submit proposed findings of fact and conclusions of law to the district court" for review and ruling.

8. Second, this district's General Order 312-E, which automatically refers bankruptcy cases to the bankruptcy court, also specifically provides for the bankruptcy court to submit proposed findings and conclusions in precisely this circumstance:

> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding . . . , the bankruptcy judge must, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court in accordance with the provisions of Federal Rules of Bankruptcy Procedure, Rule 9033.

9. This request is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Proposed Order; all the pleadings and papers filed in the bankruptcy action; and such further argument and

---

[3] Some of the claims in these two categories have been resolved by the bankruptcy court's approval of settlements under Fed. R. Bankr. P. 9019(a). *See* Dkt. 1762, 1888.

matters as may be offered at the time of the hearing of this Petition.

WHEREFORE, Catholic Mutual, a party in interest, requests:

1. that the Court take jurisdiction under 28 U.S.C. § 157(b)(5) of the claims asserted in this bankruptcy on which the bankruptcy judge believed he lacked jurisdiction to make rulings, and of the state court cases underlying these bankruptcy claims, listed in Ex. 1 to the accompanying Memorandum;
2. that the Court refer the bankruptcy claims back to the bankruptcy court for it to make proposed findings and conclusions for this Court's review and ruling; and
3. that the Court issue such additional relief as this Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

**ARENTFOX SCHIFF LLP**

By: */s/ Aram Ordubegian*

Aram Ordubegian
Christopher K.S. Wong
Everett J. Cygal *(pro hac vice forthcoming)*
Daniel J. Schufreider *(pro hac vice forthcoming)*

Counsel for The Catholic Mutual Relief Society of America and Catholic Relief Insurance Company