# EXHIBIT 2

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 12/02/2021 TIME: 03:00:00 PM DEPT: C-67

JUDICIAL OFFICER PRESIDING: Eddie C Sturgeon
CLERK: Stephanie Goodrich
REPORTER/ERM: Suzanne Tate CSR# 8120
BAILIFF/COURT ATTENDANT: M. Micone

CASE NO: **JCCP5105** CASE INIT.DATE: 05/01/2020
CASE TITLE: **Diocese of San Diego Cases [E-File]**
CASE CATEGORY: Civil - Unlimited CASE TYPE: PI/PD/WD - Other

---

**EVENT TYPE**: Demurrer / Motion to Strike
MOVING PARTY: Pastor of Our Lady of Guadalupe Catholic Parish El Centro California, Pastor of Saint Jude Shrine of the West Cahtolic Parish in San Diego California, Pastor of Our Lady of Grace Catholic Parish in El Cajon, Pastor of Saint Francis of Assisi Catholic Parish Vista, Pastor of St Anne Catholic Parish San Diego, Pastor of Saint Patrick Catholic Parish Calipatria in Calipatria California, Pastor of Saint Patrick Catholic Parish San Diego, Pastor of Saint Anthony of Padua Catholic Parish National City in National City, Pastor of Our Lady of Guadalupe Catholic Parish Calexico in Calexico
CAUSAL DOCUMENT/DATE FILED: Demurrer, 10/08/2021

---

**APPEARANCES**

---

Devin Storey, counsel, present for Plaintiff(s).
Anthony C. Modarelli, III, counsel, present for Plaintiff(s) via remote video conference.
Erika Jean Scott, counsel, present for Plaintiff(s) via remote video conference..
Alex E Cunny, counsel, present for Plaintiff(s) via remote video conference..
Michael Reck, counsel, present for Interested Party, Plaintiff(s) via remote video conference.
Daniel C. Zamora, counsel, present for Defendant(s) Doe 1 Diocese, et al. telephonically.
Maria Roberts, counsel, present for Defendant(s).
Noel Meza, counsel, present for Defendant(s).
Kathleen Simers, counsel, present for Plaintiff(s) via remote audio conference.
Kathleen McCormac, counsel, present for Plaintiff(s) via remote audio conference.
Blake Woodhall, counsel, present for Plaintiff(s) via remote audio conference.
William Whelan, counsel, present for Defendant(s) Augustians telephonically.
Alfredo Villegas, counsel, present for Plaintiff(s) Marvin Mayne. et al. telephonically.
Wilford Lemann, counsel, present via remote audio conference.
Daniel Zamora, counsel, present via remote audio conference.
Haley Aanestad, counsel, present via remote audio conference.
Shenaz Bhujwala, counsel, present via remote audio conference.
Courtney Kiehl, counsel, present via remote audio conference.
Hagerey Mengistu, counsel, present via remote video conference.

The Court hears oral argument and confirms the tentative ruling as follows:

**TENTATIVE RULING**

The Omnibus Demurrer filed by Defendants the Roman Catholic Bishop of San Diego, a Corporation Sole, the Roman Catholic Bishop of San Bernardino, a Corporation Sole, Oblate Fathers Western Province, Inc., and the Province of St. Augustine in California (ROA 260) is OVERRULED in its entirety, and the Omnibus Motion to Strike is **DENIED**.

The Omnibus Demurrer filed by the Individual Parish Corporations Sole [1]a nd DOE Parish Defendants (ROA 252) is OVERRULED in its entirety.

The parties' Requests for Judicial Notice are GRANTED.

***DISCUSSION***

Defendants the Roman Catholic Bishop of San Diego, a Corporation Sole, the Roman Catholic Bishop of San Bernardino, a Corporation Sole, Oblate Fathers Western Province, Inc., and the Province of St. Augustine in California (Defendants) demur to claims pled in the Model/Master Complaint and/or individual complaints filed by Plaintiffs. (ROA 260.) In addition, Individual Parish Corporations Sole and DOE Parish Defendants, as identified in the moving papers, also demur to the Model Complaint and/or individual complaints filed by Plaintiffs. (ROA 252.) For clarity, the court distinguishes between the two demurrers, referring to the demurrer filed by Defendants as Demurrer 1, and to the one filed by the Individual Parish Corporations Sole and DOE Parish Defendants as Demurrer 2.

As discussed below, the court finds the Model Complaint filed in these coordinated proceedings state valid causes of action and overrules the demurrers.

***Demurrer 1***

Defendants demur to: (1) the second cause of action for negligent supervision/failure to warn; (2) the third cause of action for negligent hiring/retention; (3) the fourth cause for negligent failure to warn, train or educate plaintiffs; (4) the fifth cause of action for sexual assault; (5) the sixth cause of action for intentional infliction of emotional distress; (6) the seventh cause of action for fraud; (7) the eighth cause of action for sexual harassment under Civil Code section 51.9.; and (8) the cause of action for sexual battery. The cause of action for sexual battery is not a cause of action in the Master Complaint, but it is pled in some of the complaints filed in this case.

Defendants argue the second, third, and fourth causes of action based on negligence fail to state a proper claim because these are entirely duplicative and redundant of the first cause of action for negligence. Defendants argue that although the claims are pleaded in slightly different ways, all four causes of action are based on the same legal theory of negligence, and these claims are virtually identical.

In addition, the second, third, fifth, sixth, seventh, eighth, and ninth causes of action fail because Plaintiffs pled no facts to support the claims. As to the fourth cause of action for negligent failure to warn, train or educate the plaintiffs, Defendants did not have an independent duty to train, warn or educate Plaintiffs about the risk of sexual assault, as a matter of law. Further, the fourth cause of action fails

because it is based on an alleged "duty" under PC § 11164 et seq., which did not apply to Defendants' acts that predate the application of the statute to Defendants in 2005.

Moreover, the seventh cause of action for fraud fails because it is time-barred by the applicable statute of limitations under CCP § 338(d). The eighth cause of action for sexual harassment fails because Civil Code § 51.9 does not apply to a cause of action for childhood sexual assault. And the claim for sexual battery is also duplicative and redundant of the fifth cause of action for sexual assault.

<u>Here</u>, for practical reasons, the court allowed the use of a master complaint to streamline the process in these complex, coordinated proceedings. The parties also agreed and stipulated to an order that all complaints filed in this action prospectively shall conform in substance to the Master Complaint for any claims that are pled in common with the claims in the Master Complaint. (Stipulation Regarding Master Complaint and Order dated May 6, 2021, ROA 117.) The order further provides that any complaints filed prior to the date of the order must be amended to conform to the Master Complaint.

The Master Complaint approved for use in this action includes the following causes of action:

(1) Negligence;
(2) Negligent Supervision and Failure to Warn;
(3) Negligent Hiring/Retention;
(4) Negligent Failure to Warn, Train, or Educate Plaintiff;
(5) Sexual Assault;
(6) Intentional Infliction of Emotional Distress;
(7) Fraud;
(8) Sexual Harassment (Civ. Code, §§ 51.9; 52(b)) (optional); and
(9) Gender Violence (Civ. Code, § 52.5) (optional).

At the Case Management Conference held on July 29, 2021, the parties addressed the logistical difficulties of raising pleading challenges against all the claims raised or to be raised in this action. The parties agreed, and the court concluded, that the omnibus demurrer would challenge all nine causes of action pled in the Master Complaint, and any causes of action outside of the Master Complaint would be dealt with separately at a later time. As such, in ruling on Defendants' motions, the court is informed by the procedural considerations and complexity of these coordinated proceedings.

As such, to the extent Defendants raise claims that go beyond the scope of the omnibus pleading challenge, which requires the court to examine the pleadings in each, individual case, rather than consider the claims as pled in the Master Complaint, the court will not address them. Further, without proper notice and opportunity to be heard provided to the individual Plaintiffs whose complaints are placed at issue, the motions are not well taken and the court will not make case specific rulings. Thus, the instant ruling applies to the causes of action as pled in the Master Complaint.

On the merits, the court finds the second, third, and fourth causes of action based on negligence are not entirely duplicative. Because the second, third and fourth causes of action are based on negligence, the elements and facts may naturally overlap with the first cause of action for negligence, but they are not subsumed. While Defendants argue that all four causes of action are for the same exact legal theory, the requirements to sustain each cause of action are different, and each claim presupposes liability based on a different theory of negligence and supporting facts. Further, an examination of the pleadings in the Master Complaint shows that sufficient, distinct facts have been pled under each cause of action, such that each cause of action could stand independently. In addition, there may be cases where an

individual plaintiff could allege distinct facts under each cause of action, and thus, eliminating the causes of action at this stage of the proceedings is premature. Defendants do not cite to any cases holding that claims based on negligence are mutually exclusive as a matter of law. Indeed, Plaintiffs cite to *J.W. v. Watchtower Bible and Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, where the Court of Appeal affirmed the judgment in favor of the plaintiff in an action based on (1) negligence, (2) negligent supervision/failure to warn, (3) negligent hiring/retention, and (4) negligent failure to warn, train, or educate the plaintiff. Thus, as a matter of law, it cannot be concluded that these claims are necessarily duplicative.

The same is true of the fifth cause of action for sexual assault and the claim for sexual battery. These are not duplicative claims in that assault and battery are separate causes of action, based on different elements. (See CACI 1301, 1306.)

The court is not persuaded by the remaining claims. Defendants cannot attack the language of the Model Complaint on the ground that it fails to plead specific facts, which is contrary to the purpose of the Model Complaint. Logistically, it would not be possible to allege more specific facts in a Model Complaint, which is designed to account for a multitude of scenarios, and specifically, the Model Complaint provides space for each plaintiff to insert case specific facts that would support individualized claims. Plaintiffs are not required to plead evidentiary facts or facts with such heightened specificity at this pleading stage.

In addition, the court finds that whether *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377 (*Juarez*) applies is not determinative on the issue of whether the fourth cause of action is viable. Further, while *Juarez* was overruled in *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204 (*Brown*), *Brown* did not hold that there was no independent duty to warn, train or educate regarding sexual assault. Rather, *Brown* specifically held that where a defendant lacks any special relationship with the victim, and no other circumstances would give rise to an affirmative duty to protect, such a duty may not independently arise based on the policy factors set out in *Rowland v. Christian* (1968) 69 Cal.2d 108. *Brown* explained that courts have relied on the *Rowland* factors to decide whether policy considerations justified excusing or limiting the duty to protect where the duty exists. (*Id.* at 218.)

Moreover, as Plaintiffs note, in the recent case of *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657 involving childhood sexual abuse by a clergy, the Court of Appeal found that a church has a duty to protect children from sexual abuse by a clergy while the children are attending religious school or participating in other church-sponsored programs. As such, the court is not persuaded by Defendants' arguments.

As to the inapplicability of PC § 11164, the claim lacks merit. Plaintiffs are not strictly relying on PC § 11164 to argue duty, and certainly, the duty required to support the fourth cause of action may be based on a finding of a "special relationship" between the Plaintiffs and Defendants such as in *Doe v. Roman Catholic Archbishop of Los Angeles*, *supra*.

Otherwise, issues of breach of duty and questions of fact, such as on ratification and respondeat superior, are not proper for resolution at the pleading stage when facts have not been sufficiently developed through discovery. The facts pled in the Master Complaint are sufficient to provide notice and to get the parties past the pleading stage, to take discovery, and evaluate the case in light of the evidence.

As to the seventh cause of action, Defendants argue this cause of action is time-barred under CCP §

338(d), but fail to show that CCP § 340.1 does not apply. Defendants rely on *Mark M. v. Roman Catholic Archbishop of Los Angeles (*1998) 67 Cal.App.4th 603, however, that case did not apply CCP § 340.1 because the statute as it existed in 1998 only applied to claims against a direct perpetrator, and not because the statute was inapplicable to childhood sex abuse cases generally. Since 1998, CCP § 340.1 has been amended several times and the limitation that the claim be filed against the direct perpetrator no longer exists, and an action may be brought against an entity who owed a duty of care to the plaintiff. In addition, CCP § 340.1 applies to "an ***action*** for recovery of damages suffered as a result of childhood sexual assault," and the fraud claim, which arises from childhood sexual assault, is part of the action. Thus, the court finds that CCP § 340.01 applies and the seventh cause of action is not time-barred.

As to the claim that Civil Code § 51.9 (sexual harassment) does not apply because application is limited to business relationships, the court is not convinced. The issue appears unsettled. Civil Code § 51.9 is part of the Unruh Civil Rights Act, and appears to govern business or professional relationships. However, the statute provides that the requisite relationship under § 51.9 may be with a teacher, or be based on a relationship that is substantially similar to the enumerated relationships. Clergy or similar religious titles are not included in the list. Thus, it is unclear from the plain language of § 51.9 whether it applies to relationships involving clergy or in a religious context. Notwithstanding, the court finds that the circumstances here could have involved teachers and clergy in a school setting, and thus, application of § 51.9 cannot be ruled out at this stage. Therefore, the argument should be addressed at a later time, to the individual facts pled in a particular complaint. To dismiss the cause of action under the circumstances would be premature.

Based on the foregoing, the court **overrules** Demurrer # 1.

***<u>Demurrer 2</u>***

Individual Parish Corporations Sole and DOE Parish Defendants demur to: (1) the first cause of action for negligence; (2) the second cause of action for negligent supervision/failure to warn; (3) the third cause of action for negligent hiring/retention; (4) the fourth cause for negligent failure to warn, train or educate plaintiffs; (5) the fifth claim for sexual assault; (6) the sixth claim for intentional infliction of emotional distress; (7) the seventh cause of action for fraud; and (8) the eighth cause of action for sexual harassment under Civil Code section 51.9.

Defendants demur to the first through eighth causes of action as pled in the Master Complaint on the ground that they cannot be held liable for any acts or omissions committed prior to their existence and incorporation in 2010. Otherwise, Demurrer 2 raises the same arguments raised in Demurrer 1, addressed above. Thus, the ruling on Demurrer 2 depends on whether Defendants may be held liable to Plaintiffs for acts or omissions committed prior to 2010.

The court finds Defendants may be liable based on a theory of successor liability, which involve questions of fact that cannot be properly addressed at this time. Defendants cite to cases dealing with the sale of corporations and attempt to apply standards that do not fit the circumstances of this case, where Defendants are not businesses or financial institutions for profit, but non-profit, religious organizations that continued to exists as they did prior to incorporation. There was no purchase or corporate merger to speak of, such that the cases Defendants cite should apply. Thus, Defendants have not conclusively shown that successor liability does not apply here. Therefore, the court **overrules** Demurrer # 2.

***Motion to Strike***

Defendants move under CCP § 435 to strike portions of Plaintiffs' "Model Complaint, First Amended Complaints and original complaints" that include claims for attorney's fees pursuant to CCP § 1021.5 and Civil Code § 52(b), and to strike the second, third and fourth causes of action as duplicative.

Based on the court's ruling on the demurrers, the Motion to Strike is denied as to the request for attorney's fees pursuant to Civil Code § 52(b), which is based on the cause of action for sexual harassment. The court also denies the request to strike the second, third, and fourth causes of action as duplicative for the reasons discussed above.

As to the request for attorney's pursuant to CCP § 1021.5, this section is an exception to the usual rule that each party bears its own attorney fees. (*Vosburg v. County of Fresno* (2020) 54 Cal.App.5th 439, 449 (*Vosburg*).) Under section 1021.5, a trial court may award attorneys' fees to (1) a "successful party" in any action (2) that has resulted in the enforcement of an important right affecting the public interest if (3) a significant benefit has been conferred on the general public or a large class of persons, (4) private enforcement is necessary because no public entity or official pursued enforcement or litigation, (5) the financial burden of private enforcement is such as to make a fee award appropriate, and (6) in the interest of justice, the fees should not be paid out of the recovery. (*Id.* at 449-450.)

Here, the request is unsupported and premature. The court cannot determine from the pleadings and at this stage of the proceedings, whether the elements of § 1021.5 have been met. Further, Defendants have not shown that CCP § 1021.5 does not apply to Plaintiffs' cases as a matter of law. Therefore, the court **denies** the motion.
/n
[1] The Pastor of Saint Patrick Catholic Parish Calipatria in Calipatria, California, a corporation sole (Case No. 37-2020-00000284-CU-PO-CTL), Pastor of Saint Patrick Catholic Parish Calipatria in Calipatria, California, a corporation sole (Case No. 37-2020-00027495-CU-PO-CTL), the Pastor of Saint Patrick Catholic Parish San Diego, a corporation sole (Case No. 37-2020-00000301-CU-PO-CTL), Pastor of Saint Anthony of Padua Catholic Parish National City in National City, California, a corporation sole (Case No. 37-2020-00000302-CU-PO-CTL), the Pastor of Our Lady of Guadalupe Catholic Parish Calexico, in Calexico, California, a corporation sole (37-2020-00000310-CU-PO-CTL), Pastor of Our Lady of Guadalupe Catholic Parish El Centro, California, a corporation sole (Case No. 37-2020-00000310-CU-PO-CTL), Pastor of Our Lady of Guadalupe Catholic Parish El Centro, California, a corporation sole (Case No. 37-2020-00026058-CU-PO-CTL), Pastor of Saint Francis of Assisi Catholic Parish, Vista, a corporation sole (Case No. 37-2020-00000321-CU-PO-CTL), Pastor of Saint Jude Shrine of the West Catholic Parish in San Diego, California, a corporation sole (Case No. 37-2020-00000325-CU-PO-CTL), Pastor of Saint Anne Catholic Parish, San Diego, California, a corporation sole (Case No. 37-2020-00039408-CU-PO-CTL), Pastor of Our Lady of Grace Catholic Parish, El Cajon, a corporation sole (Case No. 37-2021-00002347-CU-PO-CTL). (Notice of Hearing on Omnibus Demurrer, at p. 1, ROA 251.) What about DOE Defendants? Case nos. 31348 and 22744?

Attorney Storey makes a request to set a status conference.

The Court grants the request.

The Status Conference (Civil) is scheduled for 01/20/2022 at 03:00PM before Judge Eddie C Sturgeon.

Parties waive notice.

Eddie C. Sturgeon

Judge Eddie C Sturgeon