PAUL J. LEEDS, ESQ. (Bar No. 214309)
pleeds@fsl.law
SHELBY A. POTEET, ESQ. (Bar No. 297621)
spoteet@fsl.law
FRANKLIN SOTO LEEDS LLP
444 WEST C STREET, SUITE 300
SAN DIEGO, CA 92101
TEL: 619.872.2520
FAX: 619.566.0221

Attorneys for
*The Roman Catholic Services Corporation for Parishes and Schools of San Diego and Imperial Counties, and Parishes and Schools*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a California Corporation Sole,<br><br>Debtor. | CASE NO. 3:26-cv-5985-CAB-JLB<br><br>**PARTIAL JOINDER TO CATHOLIC MUTUAL'S MOTION TO FIX VENUE UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b) AND TO REFER CLAIM OBJECTIONS TO BANKRUPTCY COURT FOR PROPOSED FINDINGS AND CONCLUSIONS**<br><br>Judge: Cathy Ann Bencivengo<br><br>DATE: To Be Determined<br>TIME: To Be Determined |

The Roman Catholic Services Corporation for Parishes and Schools of San Diego and Imperial Counties, and the Parishes and Schools (collectively "Parishes") partially join the Motion to Fix Venue Under 28 U.S.C. §§ 157(b)(5) and 1334(b) and to Refer Claim Objections to Bankruptcy Court for Proposed Findings and Conclusions (Doc 1 ("Motion")) filed by Catholic Mutual Society of America and Catholic Relief Insurance Company (collectively, "Catholic Mutual"). The Parishes join in the portion of the Motion that asks this Court to take up certain claim objections that the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court") determined fall outside its authority under section 157, and to refer those claim objections back to the Bankruptcy Court for proposed findings of fact and conclusions of law. The Court does not need to reach the portion of the Motion that seeks to bring into this Court the underlying lawsuits that are currently pending in a coordinated proceeding in San Diego Superior Court ("State Court") designated as JCCP 5105 ("JCCP"), or to otherwise make any jurisdictional determinations. The proper relief is a narrowed withdrawal of the reference under 28 U.S.C. § 157(d)[1] with a § 157(c)(1) as to the pending claim objections, with referral back for proposed findings of fact and conclusions of law.

## I. BACKGROUND

California revived previously time-barred childhood sexual abuse claims for a period of three years, from January 1, 2020 to December 31, 2022. Cal. Civ. Proc. Code § 340.1. During that window, 457 childhood sexual abuse lawsuits were filed against the Roman Catholic Bishop of San Diego ("Debtor"). Many of those lawsuits also named certain Parishes as defendants. Those lawsuits were coordinated in the JCCP.

Debtor filed a voluntary Chapter 11 petition in the Bankruptcy Court on June 17, 2024. [Bankr. S.D. Cal. No. 24-02202-CL11 ("BK Case"), Dkt. 1.] The Bankruptcy Court set a claims bar date of February 3, 2025. [*Id.* at Dkt. 292.] 486

[1] All statutory citations herein are to Title 28 of the United State Code unless otherwise stated.

proofs of claim were filed. [*See generally* BK Case, Claims Register.] In November 2025, Debtor and Catholic Mutual filed objections to 169 of the proofs of claim, seeking to have those claims disallowed as legally invalid on various bases ("Claim Objections").

The Official Committee of Unsecured Creditors ("Committee") and certain creditors filed a motion asking the Bankruptcy Court to abstain from or stay the Claim Objections. [BK Case, Doc 1355.] After many joinders, oppositions, replies, and oral argument, the Bankruptcy Court issued an Order on Motion to Abstain From or Stay Claim Objections ("Abeyance Order"). [*Id.* at Dkt. 1565.] The Abeyance Order described 11 categories of claim objections and held in abeyance Category 3: Statute of Limitations and Category 10: Abuse by Perpetrator Accused for the First Time (collectively "Relevant Claim Objections"). [*Id.*] In the Abeyance Order, the Bankruptcy Court stated the "limitations" of § 157(b)(5) prevented the Bankruptcy Court from determining "factual disputes on the personal injury" claims which "only a state or district court may do." In a footnote, citing § 157(b)(2)(B), the Bankruptcy Court noted the "factual determinations" necessary to consider Category 3 objections "appear[ed] outside [the] court's jurisdiction."

The Bankruptcy Court has since been hearing the claim objections that fall within the categories not held in abeyance.

On October 20, 2026, Catholic Mutual filed this Motion. Catholic Mutual asks this Court to (1) fix venue in this Court over the cases in the JCCP that underlie the Relevant Claim Objections ("Relevant State Court Cases"), (2) fix venue in this Court over the Relevant Claim Objections pending in the BK Case, and (3) refer the Relevant Claim Objections back to the Bankruptcy Court for proposed findings and conclusions as provided for in § 157(c)(1) and S.D. Cal. General Order 312-E.

///

///

///

## II. ARGUMENT

### A. Withdrawal of the Reference of the Relevant Claim Objections Is Appropriate.

The Parishes do not oppose the portion of the Motion that seeks to have the reference withdrawn as to the Relevant Claim Objections and those objections referred back to the Bankruptcy Court for proposed findings and conclusions. Although styled as a motion to fix venue, the Motion, in essence, seeks a withdrawal of the reference pursuant to § 157(d).

"Federal district courts have . . . concurrent jurisdiction over all civil proceedings . . . related to cases under Title 11." *In re Harris Pine Mills*, 44 F.3d 1431, 1434–35 (9th Cir. 1995) (citing § 1334(b) (providing district courts original, but not exclusive, jurisdiction over "civil proceedings" that are "related to" a case under title 11)).

Where a district court has jurisdiction over a claim under § 1334(b), "[s]ection 157 allocates the authority to enter final judgment between the bankruptcy court and the district court." *Stern v. Marshall*, 564 U.S. 462, 478 (2011); *see also In re Gordon*, 646 B.R. 903, 906 (Bankr. D. Idaho 2022) (describing the interplay between § 1334 and § 157); *In re Smith*, 389 B.R. 902, 906 (Bankr. D. Nev. 2008) (Section 157(b)(1) "empowers the bankruptcy court" to hear matters over which the district court has "related to" jurisdiction under § 1334(b)). Specifically, § 157(a) permits the district court to refer such cases to the bankruptcy court. This Court did so in General Order 312-E.

Section 157(b)(1) provides bankruptcy judges authority to hear and enter a final judgment in all "***core*** proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(1) (emphasis added); *see Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014) ("It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core."). Section 157(c)(1), in turn, permits bankruptcy judges to hear a proceeding that is "***not*** a core proceeding

but that is otherwise related to a case under title 11," if the bankruptcy judge "submit[s] proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1) (emphasis added). *See also In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007) (party's Seventh Amendment right to a jury trial did not prevent a bankruptcy court from conducting "pre-trial management").

Against this backdrop, § 157(b)(2)(B) and (O) exclude the "liquidation or estimation" of personal injury tort claims, and personal injury tort claims more generally, from core proceedings. Section 157(b)(5) further requires that personal injury tort claims be "tried in the district court," providing:

> The district court ***shall*** order that personal injury tort and wrongful death claims ***shall*** be ***tried*** in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (emphasis added). In the Abeyance Order, the Bankruptcy Court found the Relevant Claim Objections involve the "liquidation or estimation of contingent or unliquidated personal injury tort[s]," which are not core proceedings under § 157(b)(2)(B). Section 157(b)(4) provides that the non-core Relevant Claim Objections are not subject to the mandatory abstention provisions of § 1334(c)(2), and § 157(b)(5) requires they "be tried in the district court in which the bankruptcy case is pending." Section 157(c)(1), however, makes clear the Bankruptcy Court can enter proposed findings of fact and conclusions of law on the Relevant Claim Objections subject to this Court's de novo review.

Under § 157(d), this Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In determining whether cause exists, courts in the Ninth Circuit consider the factors identified by the Second Circuit in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). *See In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (district court erred in withdrawing reference of an entire Chapter 13

bankruptcy because bankruptcy court was more familiar with the facts and issues and subsequent orders entered at the district court level contradicted bankruptcy court orders); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1007 (9th Cir. 1997) (withdrawing reference of non-core claims asserted by groups of agricultural growers against bankrupt union because withdrawal served the interests of judicial efficiency). Such factors include (1) whether the claims at issue are core or non-core, (2) whether the bankruptcy court has final adjudicative authority over the matter, (3) the efficient use of judicial resources, (4) delay and costs to the parties, (5) uniformity of bankruptcy administration, (6) the prevention of forum shopping, (7) expediting the bankruptcy process, and (8) the presence of a jury demand. *Id.*

**1. The Relevant Claim Objections Are Non-Core.**

Congress excluded personal injury tort claims from the core proceedings that bankruptcy courts may hear and determine. Section 157(b)(2)(B) defines "allowance or disallowance of claims against the estate" as core, "but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B); *see also id.* § 157(b)(2)(O) (excluding "personal injury tort or wrongful death claims" from core matters affecting the liquidation of estate assets). The Bankruptcy Court determined that the Relevant Claim Objections turn on factual disputes concerning personal injury tort claims. This factor weighs in favor of withdrawal.

**2. The Bankruptcy Court Lacks Authority to Enter Final Judgment.**

The Abeyance Order states that determining the Relevant Claim Objections appears to fall outside the Bankruptcy Court's jurisdiction. This statement appears to use the word "jurisdiction" in the broader sense, however, and refers to the limitations on bankruptcy court powers under Section 157(b)(5), rather than subject matter jurisdiction under section 1334(b). Section 157(b)(5) provides that personal injury

tort and wrongful death claims "shall be tried in the district court in which the bankruptcy case is pending." Although § 157(b)(5) is not jurisdictional, it does not grant the bankruptcy court authority to try such claims; rather, it allocates *where* such claims are tried. *See Stern*, 564 U.S. at 479–80. Bankruptcy courts have recognized as much, and at least one has recommended withdrawal of the reference sua sponte under § 157(b)(5). *See In re Sansom*, No. 24-61446, 2025 WL 2382258, at *1 (Bankr. N.D. Ohio Aug. 15, 2025) (declining to rule on a motion to dismiss and abstain and instead recommending withdrawal of the reference under § 157(b)(5)), *report and recommendation adopted sub nom. Sansom v. Tucker*, No. 5:25MC36, 2025 WL 3023531 (N.D. Ohio Oct. 29, 2025). This factor weighs in favor of withdrawal.

**3. Withdrawal Promotes the Efficient Use of Judicial Resources.**

Section 157(b)(5) already requires that the Relevant Claim Objections be tried in this Court. Leaving the reference in place would not conserve judicial resources; it would only add a layer of proceedings, because any trial must ultimately occur here. Withdrawing the reference now places the Relevant Claim Objections before the only court that can finally decide and try them, and avoids duplication. This factor weighs in favor of withdrawal.

**4. Withdrawal Will Reduce Delay and Costs to the Parties.**

The Relevant Claim Objections are at an early stage and far from ready for trial. Determining now which court will decide them removes uncertainty about the proper forum and avoids the delay and cost of litigating that question later. This factor weighs in favor of withdrawal.

**5. Withdrawal Is Consistent with Uniform Bankruptcy Administration.**

This factor "encompasses both the uniform administration of bankruptcy law and intra-case uniformity." *Roman Cath. Diocese of Rockville Ctr. v. Arrowood Indem. Co.*, No. 20-CV-11011 (VEC), 2021 WL 1978560, at *10 (S.D.N.Y. May 17, 2021) (withdrawing reference of the diocese's non-core state-law insurance-coverage claims where the *Orion* factors favored withdrawal). Neither component weighs

against withdrawal here.

First, the Relevant Claim Objections are non-core and arise under state law, as the Abeyance Order recognized. Deciding them in this Court rather than the Bankruptcy Court has no effect on the uniform development of bankruptcy law. *See id.*

Second, withdrawal does not disrupt intra-case uniformity. Catholic Mutual seeks to withdraw only the Relevant Claim Objections. All other claim objections would stay before the Bankruptcy Court. To the extent the Relevant Claim Objections proceed on a separate track, that separation is required by § 157(b)(5), not created by withdrawal. A narrowly tailored withdrawal respects the line Congress drew while keeping the claims-allowance process otherwise unified. This factor is neutral or weighs in favor of withdrawal.

**6. Withdrawal Does Not Implicate Forum Shopping.**

Catholic Mutual is not seeking a more favorable forum. It asks this Court to decide the Relevant Claim Objections, which the Bankruptcy Court indicated fall outside its jurisdiction. This factor weighs in favor of withdrawal.

**7. Withdrawal Will Expedite the Bankruptcy Process.**

The Relevant Claim Objections challenge proofs of claim based on personal injury tort claims. Their resolution is a necessary step toward formulating and confirming a plan and making distributions to creditors. Section 157(b)(5) requires that these claims be tried in this Court, and only this Court may finally decide them. Withdrawal is the fastest path to resolution. This factor weighs in favor of withdrawal.

**8. The Claimants' Jury Trial Rights Support Withdrawal.**

Congress preserved the right to a jury trial on personal injury tort claims in bankruptcy. 28 U.S.C. § 1411(a). Section 157(b)(5) puts those trials in the district court. To the extent the Relevant Claim Objections proceed to a jury trial, that trial must take place in this Court. It is not yet clear whether they will reach trial, so this

factor may carry limited weight. *See In re Celsius Network LLC*, 670 B.R. 379, 395 (S.D.N.Y. 2025). Nonetheless, it supports withdrawal.

Overall, the *Orion* factors weigh in favor of withdrawal, and withdrawal would place the Relevant Claim Objections in the appropriate court with referral to the Bankruptcy Court for proposed findings and conclusions under § 157(c)(1).

### B. Removal is Simply Not Necessary

The Parishes do not join the portion of the Motion that seeks to "fix venue" of the Relevant State Court Cases in this Court.

#### i Transfer of the Relevant State Court Cases Is Unnecessary to the Relief Catholic Mutual Seeks

Catholic Mutual argues the Relevant State Court Cases should be heard by this Court because disallowance will be dispositive of the Relevant State Court Cases. However, it is not necessary for this Court to remove the State Court Cases in order to determine the Relevant Claim Objections, which are already pending before the Bankruptcy Court. Those claim objections can be resolved by simply withdrawing the reference and referring the claim objections back to the Bankruptcy Court under § 157(c)(1) without removal of the underlying cases. This avoids unnecessary jurisdictional determinations or decisions by this Court. *See Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 861-63 (9th Cir. 2021) (holding that a court may defer a difficult jurisdictional question and dismiss on other threshold matters instead because doing so is less burdensome and serves judicial economy by avoiding jurisdictional proceedings that would trigger motions causing delay and expense and the court would not reach the merits of the case regardless).

#### ii The Purpose of Section 157(b)(5) Is Not Served by Transferring the Relevant State Court Cases

The purpose of § 157(b)(5) is to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) (quoting 130 Cong.Rec. H 7492, June 29, 1984).

Hoewever, fixing venue of the Relevant State Court Cases in this Court would likely add to the multiplicity of forums, not eliminate it.

Catholic Mutual points to *In re Metabolife Int'l, Inc.*, No. 05CV1802-IEG(RBB), 2005 WL 8173410, at *3 (S.D. Cal. Nov. 3, 2005) and *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig*., 496 B.R. 256, 267 (D. Mass. 2013). Each of those cases involved hundreds of actions pending in state and federal courts nationwide. That is not the case here. The parties - including the Parishes - currently litigate in two forums: the State Court and the Bankruptcy Court. Fixing venue through removal of the Relevant State Court Cases in this Court would create a third forum in which the parties must litigate, contrary to the purposes of Section 157(b)(5).

## III. CONCLUSION

The Parishes respectfully suggest that the Court should grant the Motion in part by withdrawing the reference of the Relevant Claim Objections and referring them back to the Bankruptcy Court for proposed findings and conclusions. This established procedure directly remedies the concern identified by the Bankruptcy Court regarding the limitation on its authority under § 157 to decide the Relevant Claim Objections, without requiring the Court to make unnecessary jurisdictional decisions.

DATED: November 16, 2026

**FRANKLIN SOTO LEEDS LLP**

*<u>/s/ Paul J. Leeds</u>*
PAUL J. LEEDS, ESQ.
SHELBY A. POTEET, ESQ.

Attorneys for
*The Roman Catholic Services Corporation for Parishes and Schools of San Diego and Imperial Counties, and Certain Parishes*