# EXHIBIT 2

FILED
Clerk of the Superior Court
JAN -5 2021
By: S.Goodrich, Deputy

Irwin M. Zalkin, SBN 89957
Devin M. Storey, SBN 234271
The Zalkin Law Firm, P.C.
10590 West Ocean Air Drive, Suite 125
San Diego CA 92130
Tel: 858-259-3011
Fax: 858-259-3015
Email: Irwin@zalkin.com
dms@zalkin.com

*Plaintiff Liaison Counsel*

Maria C. Roberts, SBN 137907
Noel J. Meza, SBN 331169
Greene & Roberts
402 West Broadway, Suite 1025
San Diego, CA 92101
Tel: (619) 398-3400
Fax: (619) 330-4907
Email: mroberts@greeneroberts.com
nmeza@greeneroberts.com

*Defense Liaison Counsel*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE THE SAN DIEGO DIOCESE CASES | Case No. JCCP 5105<br><br>**~~[PROPOSED]~~ CASE MANAGEMENT ORDER**<br><br>Judge: Hon. Eddie Sturgeon<br>Coordination Trial Judge<br>Date:<br>Time:<br>Dept.: |

The Court, having conducted several Status Conferences and Case Management Conferences over the course of several months, and having issued multiple orders during that time, issues the following Case Management Order:

## I. APPOINTMENT OF LIAISON COUNSEL (CRC Rules 3.541(a)(1) and 3.506)

This Court previously confirmed that Irwin Zalkin and Devin Storey of the Zalkin Law Firm will serve as Liaison Counsel for Plaintiffs; and Maria C. Roberts of Greene & Roberts, LLP, will serve as Liaison Counsel for Defendants.

## II. GEOGRAPHICAL AREA

The parties have agreed, and this Court has ordered that the geographic scope of this coordination proceeding shall include lawsuits filed in the Superior Courts for the Counties of San Diego, San Bernardino, Riverside and Imperial.

## III. CASE INITIATION PROCESSES

### A. The Adoption and Use of a Model Complaint

This Court has ordered that a Model Complaint template must be used by every Plaintiff in any case added on to this JCCP. Plaintiffs' Liaison Counsel prepared a Model Complaint, which this Court approved on May 6, 2021. (Exhibit A, Model Complaint Template.) Any Plaintiff filing an action that is expected to be added on to this JCCP must file a complaint that conforms to the Model Complaint template. Any Plaintiff who files an action that is not in conformity with the Model Complaint must amend his / her complaint to conform to the Model Complaint within 30 days of the case being added on to this JCCP. Leave to amend for the sole purpose of filing an amended complaint to conform to the Model Complaint template is not required.

The Model Complaint is not intended to state every possible claim, theory of liability, prayer for relief, or cause of action that may be applicable to an individual Plaintiff's action. Consequently, use of the Model Complaint template in this JCCP does not preclude any Plaintiff from asserting a distinct claim, theory of liability, prayer for relief, or cause of action in addition to those stated in the Model Complaint template.

**B. The Adoption and Use of Template Certificates of Merit**

Any Plaintiff in an action filed pursuant to Code of Civil Procedure § 340.1 is required to file certificates of merit executed by a mental health practitioner (Cal. Code Civ. Proc. § 340.1 (g)(2)) and by his or her attorney. (Cal. Code Civ. Proc. § 340.1 (g)(1).) In an effort to streamline the proceedings in matters commenced against the Roman Catholic Bishop of San Diego, a corporation sole, the Roman Catholic Bishop of San Bernardino, a corporation sole, or another Roman Catholic entity located within the geographic confines of this JCCP, and to ease the burden on this Court and the Parties, the Parties have agreed, and this Court orders, that a Plaintiff commencing an action that is expected to be added on to this JCCP may file certificates of merit in a form substantially similar to the templates attached to this Order as Exhibit B and Exhibit C. The timely filing of certificates of merit that are substantially similar to the attached templates will be deemed sufficient by this Court to satisfy Code of Civil Procedure § 340.1's certificate of merit requirement, and will result in the issuance of an order to serve the complaint.

**C. JCCP 5105 Streamlined Case Filing Protocol**

Any case filed in the Superior Court of California, County of San Diego that identifies JCCP 5105 as a related case at the time the complaint is filed, shall be assigned to Department 67 of this Court for all purposes, including review and evaluation of certificates of merit. This Court reserves the right to delegate the review of Certificates of Merit and Certificates of Corroborative Fact to another judge or judges of the San Diego Superior Court. The Certificates of Merit and Certificates of Corroborative Fact may be lodged conditionally under seal at the time of filing and will be permanently sealed upon review and approval. (*See* Cal. R. Ct. 2.585; Cal. Code Civ. Proc. § 340.1(p).)

Cases against the Roman Catholic Bishop of San Bernardino (or erroneously the Roman Catholic Diocese of San Bernardino), and/or other Roman Catholic entity Defendants which, under venue standards, ordinarily and properly should be filed in the Counties of Riverside, San Bernardino and/or Imperial, may be filed in Superior Court for the County of San Diego, and handled in the same manner as the other cases in these JCCP 5105 coordinated proceedings. However, any such filing shall not affect, limit, or prevent a Roman Catholic entity from requesting that any such case

against it be transferred to a Superior Court in Riverside, San Bernardino or Imperial Counties for trial. Nor shall a Plaintiff in such a case be prevented from opposing a request to transfer venue for trial.

Plaintiffs in cases identifying JCCP 5105 as a related case at the time of the filing of the complaint may use a fictitious name without the need to file a copy of the complaint under seal, or to file an application to use a fictitious name; provided that the Plaintiff must provide his/her name and date of birth to Defendants either at the time of service of the complaint or upon request by defense counsel. This procedure shall not prejudice any Defendant's right to file a motion at a later date to remove the fictitious designation or affect Plaintiff's right to oppose such a request.

## IV. PROCEDURE FOR REQUESTING INCLUSION IN JCCP 5105

After a matter that is properly subject to coordination in this JCCP has been filed, the Parties may file a stipulation and order adding the case on to JCCP 5105. (Ex. D, Stipulation to Add On and Proposed Order.) Such a stipulation may be filed at any time after a case is commenced and need not wait until after certificates of merit have been approved or the Defendant has been formally served.

In the event that less than all parties to a filed action agree to the case being added on to this JCCP, any party may file a request to add the case to the coordination. Any party opposing coordination may file an opposition within 9 court days of being served with the request. The party requesting coordination may file a reply within 5 court days after the filing of the opposition. This Court will rule on the request for coordination at the first Case Management Conference after the request is fully briefed.

## V. SERVICE

### A. Service of Lawsuits

Once a Defendant has appeared in the coordination proceeding, service of any future lawsuits, or any lawsuit that has not already been served, should be made by serving that Defendant's counsel via notice and acknowledgment of receipt. However, service of a lawsuit by this process will not be deemed to be a waiver of the right to object to the coordination of any particular case. The

Notice and Acknowledgment of Receipt must identify the defendant(s) by their Doe Defendant designation, to the extent the plaintiff(s) have not yet obtained leave of Court to name the defendant(s) in pleadings or papers to be filed in the action pursuant to Code of Civil Procedure section 340.1(l), (m), and (n).

At the time the lawsuit is served, Plaintiffs' counsel will separately provide Defendants' counsel, in writing, with the Plaintiffs' real names (if they are named as a "Doe"), as well as their dates of birth and their alleged dates of abuse (if not otherwise stated in the complaints). Further, to the extent that the Defendants are also named as "Does," Plaintiffs' counsel will provide Defendants with the true names of any defendants named as "Does." If the attorney for a Plaintiff fails to provide this information at the time of service of the complaint, it must be provided be provided within 10 days of a request from a Defendant in the case.

For ease of reference for future service, defense counsel for the various Defendants who have appeared in this coordination are below:

- Maria C. Roberts, Esq.

  Noel Meza, Esq.
  Greene & Roberts
  402 West Broadway, Suite 1025
  San Diego, CA 92101
  (619) 398-3400
  Email: mroberts@greeneroberts.com
  nmeza@greeneroberts.com
  Counsel for The Roman Catholic Bishop of San Diego, a corporation sole, (erroneously sued as the Roman Catholic Diocese of San Diego), as well as any Catholic parishes or Diocesan schools located within the geographical boundaries of the Diocese of San Diego.

- Wilfrid C. Lemann, Esq.

  David P. Colella, Esq.
  Fullerton Lemann, Schaeffer & Dominick, LLP
  215 North D Street, Suite 100
  San Bernardino, CA 92401
  (909) 889-3691
  Email: blemann@flsd.com
  dcolella@flsd.com
  Counsel for The Roman Catholic Bishop of San Bernardino, a corporation sole, (erroneously sued as the Roman Catholic Diocese of San Bernardino), as well as any Catholic parishes or Diocesan schools located within the geographical boundaries of the Diocese of San

Bernardino.

- William V. Whelan, Esq.

  Solomon Ward Seidenwurm Smith, LLP
  401 B Street, Suite 1200
  San Diego CA 92101
  (619) 231-0303
  Email: wwhelan@swsslaw.com
  Counsel for The Province of St. Augustine in California, a nonprofit corporation

- Paul E. Gaspari, Esq.

  Daniel C. Zamora, Esq.
  Weintraub Tobin Chediak Coleman Grodin law corporation
  475 Sansome Street, Suite 510
  San Francisco, CA 94111
  (415) 433-1400
  Email: pgaspari@weintraub.com
  dzamora@weintraub.com
  Counsel for Oblate Fathers Western Province, Inc.

**B. Service of Documents After Add On**

This Court has signed an order establishing Case Anywhere (www.caseanywhere.com) as the mechanism and platform for providing electronic service of documents files in this coordinated proceeding. (Exhibit E, Electronic Service Order.) Word versions of the Model Complaint template, Certificate of Merit templates, Stipulation and Order to Add On, Plaintiff's Questionnaire, and Plaintiff's Authorization for Release of Records are available on Caseanywhere.

## VI. CASE MANAGEMENT

Unless this Court gives notice otherwise, this Court will hold Case Management Conferences on the third Thursday of each month at 3:00 p.m.

## VII. DISCOVERY

These cases are currently stayed by the order granting the Petition to Coordinate. Each case within these coordinated proceedings will remain stayed until further order of this Court, subject to the following exceptions:

///

**A. Plaintiff Questionnaires**

The Parties have agreed that each Plaintiff in a case added on to this JCCP will confidentially produce responses to a "Questionnaire" form to be completed under oath and be provided to each Defendant in that Plaintiff's action within 30 days after the case is both added on to this JCCP, and the certificates of merit have been approved and defendants are served with process, either through Notice and Acknowledgments of Receipt or by other authorized means of service. The answers to the Questionnaire will be given under penalty of perjury. The parties may agree to a longer period of time for completion of the Questionnaires, as may be needed, on a case-by-case basis. If a Plaintiff objects to providing responses to a particular question or questions on the Questionnaire, the Defendant may file a motion to compel with the Discovery Referee, but must meet and confer before any such motion is filed.

Until such time as an individual case is released from the litigation stay, the sworn responses to the Questionnaire provided by the Plaintiff will be considered subject to mediation confidentiality. At the time a case is released from stay, the completed Questionnaire responses will be treated as verified discovery responses, subject to any applicable protective order. When individual cases are released from stay, special interrogatories may not be served asking the same questions as those answered in the prior verified Questionnaire responses. However, Defendants may serve requests to supplement the responses previously provided in the Questionnaire as though they were special interrogatories and as permitted by Code of Civil Procedure § 2030.070. (Exhibit F, Questionnaire.)

**B. Authorizations for Release of Plaintiff Records**

For any educational, employment, psychological/mental health, and/or medical records/provider or other relevant records identified in a Plaintiff's sworn response to the Questionnaire, Plaintiff will supply an authorization for release of records at the time the response to the Questionnaire is provided to the Defendant. (Exhibit G, Form Authorization for Release of Records.) If the Defendant chooses to seek records from any entity or person, it must instruct in

writing the attorney service conducting the copying and the entity/person whose records are sought, that the records must be bated-stamped with page numbers and provided for first review to Plaintiff's counsel. Once the records are received by Plaintiff's counsel, they shall have 21 days from receipt of the bates-labeled records to review the records for potential privacy or privilege issues before producing the records to defense counsel. If the Plaintiff asserts objections based on privacy or privilege, all non-privileged materials will be provided to defense counsel within the 21-day period, with a privilege log that is legally compliant. If the Plaintiff does not assert any objections or withhold any documents, then all of the documents will be produced in full to requesting defense counsel within the 21-day period. If a Plaintiff redacts any information from a document that is produced, or withholds any document based on an assertion of privilege or privacy, the Defendant may file a motion to compel with the Discovery Referee, but must meet and confer before any such motion is filed.

**C. Priest File Production**

Within 30 days after a Defendant in a coordinated action a receives Plaintiff's sworn questionnaire and signed authorizations, Defendants must provide the Plaintiff with a copy of the personnel file and confidential file for the alleged abuser(s) in that case. The Roman Catholic Bishop of San Diego has also agreed to search for documents that may be in the possession of the Diocesan Lay Review Board and/or Victims Assistance Coordinator regarding the alleged abuser(s). All Defendants may assert objections based on privilege and privacy, but if any document is withheld from production, the Defendant must supply a legally compliant privilege log. If a Defendant redacts any information from a document that is produced, or withholds any document based on an assertion of privilege or privacy, the Plaintiff may file a motion to compel with the Discovery Referee, but must meet and confer before any such motion is filed.

**D. Parish Bulletins**

For any case added on to this JCCP, the lawyer for the Plaintiff may provide Defense Liaison Counsel with a list of parishes, along with a date range for each parish, corresponding to the time

period that a priest accused in the coordinated action was assigned to that parish. Defendants will produce locate and produce any Parish Bulletins for those parishes and time periods, if any, for production to Plaintiffs within 90 days.

**E. Depositions**

**1. Aged and/or Infirm Depositions**

Notwithstanding the discovery stay, the parties may notice and take the depositions of witnesses, including parties, that are aged and/or infirm. For purposes of this Case Management Order a witness is aged if he/she is 75 years of age, or older. A witness is infirm if he/she has been diagnosed with a terminal condition or disease; has been diagnosed with a condition or disease that affects the witness's memory or ability to communicate; has been diagnosed with a serious chronic, debilitating illness or condition; or suffers from a significant mental illness (over and above the injuries alleged in these coordinated actions.)

Procedurally, if a party desires to depose a witness that he/she/it believes meets these qualifications and should be deposed, that party must meet and confer with all parties who have an interest in that deposition to determine if the parties agree that the witness meets the criteria for being aged and/or infirm. If the parties agree, the deposition may be taken. If the parties do not agree, then the issue may be presented to this Court on an *ex parte* basis or by noticed motion, depending on the issue involved. The parties reserve the right to object if the deposition is sought of a witness who a party contends is medically incapable or unable to appear for deposition or to be deposed.

**2. Previously Taken Depositions**

With regard to depositions previously taken in any action coordinated as part of *The Clergy Cases II*, or other civil action alleging childhood sexual abuse in which the Roman Catholic Bishop of San Diego and/or the Roman Catholic Bishop of San Bernardino was named as a Defendant, those depositions can be used as though taken as a part of this coordination, so long as the deposition was properly noticed. A witness who was previously deposed in such an action may not be re-deposed without some new basis (such as lawsuits regarding priests who were not accused in prior lawsuits to which the witness may have knowledge), the agreement of the parties, or an order of this Court.

**F. Subpoena to The Law Office of Kenneth R. Feinberg**

This Court granted Plaintiffs' Liaison Counsel's request for limited relief from the stay to serve a subpoena on the Law Offices of Kenneth R. Feinberg. This Court has reviewed a revised subpoena and approved the scope of the information requested. Any litigation and/or appellate proceeding over the enforcement of the subpoena is not stayed.

## VIII. DISCOVERY REFEREE

The Parties agree that Judge Ronald Prager (Ret.) of Signature Resolution should be appointed to serve as the Discovery Referee for issues arising from the matters identified in this Case Management Statement. If a party contests any claim of privilege or privacy identified on a privilege log regarding a personnel priest file, Plaintiff Questionnaire, or Plaintiff records – the Parties must meet and confer regarding the objections. If the matter is not resolved through the meet and confer effort, then the issue can be brought to and heard by the Discovery Referee.

The cost of the Discovery Referee will be split evenly among Plaintiffs and Defendants. For global motions, Plaintiffs' Liaison Counsel and Defense Liaison Counsel will pay the Discovery Referee's fee. Plaintiffs' Liaison Counsel will be entitled to contribution from other Plaintiffs firms with cases in the coordination on a pro-rata basis based on the number of clients represented by each firm. Defense Liaison Counsel will be entitled to contribution from the other Defense firms who have appeared in the coordinated proceeding on a pro-rata basis. For case-specific motions, the Plaintiffs and Defendants involved with the case in which the motion is filed will split the cost of the Discovery Referee with 50% paid by the Plaintiff and 50% paid by the Defendants.

The Parties reserve the right to request that this Court reallocate the costs to the filing party if this Court determines the motion was filed without a reasonable or good faith basis.

## IX. COURT REPORTER

The parties have selected Peterson Reporting Video & Litigation Services to serve as court reporters at all conferences, hearings, etc. and to split the costs evenly (50%-50%) between Plaintiff

and defense liaison counsel. For ease of reference, the contact information for Peterson Reporting Video & Litigation Services is as follows:

- Peterson Reporting Video & Litigation Services

  530 "B" Street, Suite 350
  San Diego, CA 92101
  (619) 260-1069

## X. ALTERNATIVE DISPUTE RESOLUTION

The Parties agree that Judge William Pate (Ret.) at Judicial Arbitration Mediation Services will serve as the mediator in these coordinated proceedings in order to promote, encourage and support an effective dialogue toward the successful resolution of these cases. The Parties likewise agree that it is premature to begin mediation.

## XI. COURT OF APPEAL

The Second Appellate District has already been designated as the Court of Appeal for the three California clergy coordinated proceedings, JCCP Nos. 5101, 5105 and 5108.

## XII. MATRIX OF CASES

The parties agree that the use of a matrix would be efficient for case management purposes, but that the original case name and number will be used in any individual proceedings pertaining to a particular case (such as an individual motion for summary judgment, motion for leave to add a claim for punitive damages, trial, or other proceeding). Liaison Counsel will meet and confer regarding a naming protocol that will allow parties and the Court to be able to clearly identify and differentiate the many fictitiously named Plaintiffs.

If agreed to, the proposed matrix could be filed with the Court, under seal, so that the Court has the original "Doe" name of each plaintiff, the unique identifier for each plaintiff, the birthdate, and the true name of each plaintiff. That matrix will also be updated regularly Jointly by Plaintiff and Defense Liaison Counsel, and filed with the Court, as new plaintiffs are added to the coordinated

///

///

///

proceeding. This will assist the parties and the Court in tracking cases and their status, identifying Doe Plaintiffs and other significant information.

Dated: December 7, 2021

**THE ZALKIN LAW FIRM, P.C.**

By: ______________________
Devin M. Storey
Plaintiffs' Liaison Counsel

Dated: December 7, 2021

**GREENE & ROBERTS**

By: ______________________
Maria C. Roberts
Defense Liaison Counsel

**IT IS SO ORDERED.**

Dated: Jan. 5, 2022

______________________
JUDGE OF THE SUPERIOR COURT
**Eddie C. Sturgeon**

# EXHIBIT A

XXXX, ESQ. (SBN #XXXXXX)
Firm Name
Address
City, State, Zip
Tel: XXX-XXX-XXXX
Fax: XXX-XXX-XXXX
Email:

Attorney for Plaintiff, XXXXX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF [NAME OF COUNTY]**

| | |
|---|---|
| XXXXX, individually,<br><br>Plaintiff,<br><br>v.<br><br>Defendant Doe 1, ___________; and Doe 2, __________: and Does ________through 100, inclusive,<br><br>Defendants. | **Case No:**<br><br>**(MODEL) COMPLAINT FOR DAMAGES:**<br><br>**1. NEGLIGENCE;**<br>**2. NEGLIGENT SUPERVISION/FAILURE TO WARN;**<br>**3. NEGLIGENT HIRING/RETENTION;**<br>**4. NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE PLAINTIFF;**<br>**5. SEXUAL ASSAULT;**<br>**6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>**7. FRAUD;**<br>**OPTIONAL CAUSES OF ACTION**<br>**8. SEXUAL HARASSMENT (Cal. Civ. Code §§ 51.9, 52(b));**<br>**9. GENDER VIOLENCE (Cal. Civ. Code § 52.5)**<br><br>**[Filed Contemporaneously With Certificates of Merit CCP § 340.1(g)]**<br><br>**[Demand for Jury Trial]**<br><br>**Judge:**<br>**Dept.:** |

Based upon information and belief available to Plaintiff, XXXXX, at the time of the filing of this Complaint for Damages, Plaintiff makes the following allegations:

**PARTIES**

1. Plaintiff, XXXXX, is an adult male/female born on XXXX. Plaintiff was a minor at the time of the sexual abuse alleged herein. **[Following language if a fictitious name for Plaintiff is used:]** The name used by Plaintiff in this complaint is not Plaintiff's true, but is instead a fictitious name used to protect the identity of the Plaintiff, a survivor of childhood sexual assault.

1. 1 **[Following language if multiple plaintiffs are named:]** Plaintiff, XXXXX, is an adult male/female born on XXXX. Plaintiff was a minor at the time of the sexual abuse alleged herein. **[Following language if a fictitious name for Plaintiff is used:]** The name used by Plaintiff in this complaint is not Plaintiff's true, but is instead a fictitious name used to protect the identity of the Plaintiff, a survivor of childhood sexual assault.

1.2. **[Following language if multiple plaintiffs are named:]** Plaintiff, XXXXX, is an adult male/female born on XXXX. Plaintiff was a minor at the time of the sexual abuse alleged herein. **[Following language if a fictitious name for Plaintiff is used:]** The name used by Plaintiff in this complaint is not Plaintiff's true, but is instead a fictitious name used to protect the identity of the Plaintiff, a survivor of childhood sexual assault.

2. Defendant Doe 1, Diocese ("Defendant Diocese") is a corporation sole, authorized to conduct business and conducting business in the State of California, with its principal place of business in **[Name of County]**, California. Defendant Diocese has responsibility for some or all Roman Catholic Church operations in **[Name of Counties]**, California. Defendant Diocese is the Diocese in which the sexual abuse occurred.

2.1. **[Additional language if suing parish or school:]** Defendant Doe 2 ("Defendant School / Parish") is a Roman Catholic church, parish or school located in **[Name of City]**, **[Name of County]**, California. Defendant School / Parish is the school or other organization where Plaintiff was a student or member at the time of the wrongful conduct. Defendant Doe

2 was the either independently liable for its own conduct as alleged herein, and/or is liable as a successor in interest to another entity, and/or is an altar ego of Defendant Diocese.

2.2. **[Additional language if suing a religious order:]** Defendant Doe 3 ("Defendant Order") is a Roman Catholic Order and non-profit public benefit corporation authorized to conduct business and conducting business under the laws of the State of California and doing business in **[Name of County.]** Defendant Order is the order that operated the school or organization where the wrongful conduct occurred.

2.3. **[Additional language if suing perpetrator:]** Defendant Doe 4 ("Perpetrator") was at all times relevant an ordained priest in the Roman Catholic Church. During the dates of abuse alleged herein, Perpetrator was a practicing priest assigned to Defendant Diocese, **[Defendant School / Parish]**, **[Defendant Order]** and Does __ through 100, and was under the direct supervision, employ and control of Defendant Diocese, **[Defendant School / Parish]**, **[Defendant Order]** and Does __ through 100.

2.4. [Additional language if not suing perpetrator:] Father _________ ("Perpetrator") was at all times relevant an ordained priest in the Roman Catholic Church. During the dates of abuse alleged herein, Perpetrator was a practicing priest assigned to Defendant Diocese **[Defendant School/Parish]**, **[Defendant Order]** and Does __ through 100, and was under the direct supervision, employ and control of Defendant Diocese, **[Defendant School / Parish]**, **[Defendant Order]** and Does __ through 100.

3. Defendants Does __ through 100, inclusive, are individuals and/or business or corporate entities incorporated in and/or doing business in California, or otherwise acting within the State of California, whose true names and capacities are unknown to Plaintiff who therefore sues such Defendants by such fictitious names, and who will amend the Complaint to show the true names and capacities of each such Doe Defendants when ascertained. Each such Defendant Doe is legally responsible in some manner for the events, happenings and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint. Defendant Diocese, **[Defendant School/Parish]**, **[Defendant Order]**, and Does __ through

# Pages omitted