# EXHIBIT 3

Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Lauren S. Cartwright, SBN 129862
lcartwright@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone: (619) 398-3400
Facsimile: (619) 330-4907

*Defense Liaison Counsel*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/08/2021** at 07:50:00 PM
Clerk of the Superior Court
By Candace Schaeffer,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE THE SAN DIEGO DIOCESE CASES | JCCP No. 5105<br><br>Judge: Hon. Eddie Sturgeon<br>Coordination Trial Judge<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OMNIBUS DEMURRER TO THE PLAINTIFFS' COMPLAINTS IN THESE COORDINATED PROCEEDINGS**<br><br>**<u>SUPPORTING DOCUMENTS</u>:**<br>NOTICE OF HEARING ON OMNIBUS DEMURRER; OMNIBUS DEMURRER; DECLARATION OF MARIA C. ROBERTS; REQUEST FOR JUDICIAL NOTICE; AND (PROPOSED) ORDER<br><br>Date: December 2, 2021<br>Time: 3:00 p.m.<br>Dept.: 67 |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. SUMMARY OF FACTUAL ALLEGATIONS ..... 2

III. LEGAL ARGUMENT ..... 4

A. The Second Claim for Negligent Supervision/Failure to Warn, Third Claim for Negligent Hiring/Retention and Fourth Claim for Negligent Failure to Warn, Train, or Educate Fail to State Valid Causes of Action ..... 4

1. The Second, Third and Fourth Causes of Action Are Duplicative of the First Cause of Action for Negligence and Should be Dismissed on Demurrer ..... 4

2. The Second and Third Causes of Action Fail for Lack of Facts Establishing Defendants Had Knowledge of Prior Acts by the Alleged Perpetrators ..... 7

3. The Fourth Cause of Action Also Fails to State a Claim Under the *Juarez* Case and Under Penal Code section 11164 ..... 8

(a) *Juarez* Does Not Apply ..... 8

(b) Penal Code Section 11164 Does Not Apply ..... 10

B. The Fifth Cause of Action Fails to State a Claim for Sexual Assault Against Defendants ..... 11

C. The Claim for Intentional Infliction of Emotional Distress Fails ..... 12

D. The Seventh Cause of Action for Fraud Fails ..... 14

1. The Fraud Claims Are Time-Barred ..... 14

2. No Specific False Representations by the Defendants Were Pled ..... 14

E. The Eighth Cause of Action Fails to State a Claim for Sexual Harassment Under Civil Code Section 51.9 ..... 16

1. Civil Code Section 51.9 Only Applies to Claims of Sexual Harassment Arising from Business Relationships ..... 16

2. The Claim for Sexual Harassment Under Section 51.9 is Also Deficient as Pled ..... 18

F. The Claim for Sexual Battery Fails ..... 19

1. The Sexual Battery Claims Are Duplicative of the Sexual Assault Claims .......... 19

2. Plaintiffs Failed to State a Claim for Sexual Battery Based on Respondeat Superior .......... 20

V. CONCLUSION .......... 21

# Pages omitted

## III.

## LEGAL ARGUMENT

### A. The Second Claim for Negligent Supervision/Failure to Warn, Third Claim for Negligent Hiring/Retention and Fourth Claim for Negligent Failure to Warn, Train, or Educate Fail to State Valid Causes of Action

#### 1. The Second, Third and Fourth Causes of Action Are Duplicative of the First Cause of Action for Negligence and Should be Dismissed on Demurrer

The Model Complaint's second, third, and fourth causes of action (for Negligent Supervision/Failure to Warn, Negligent Hiring/Retention and Negligent Failure to Warn, Train or Educate) are duplicative of the first cause of action for negligence. California courts have long held that a demurrer is properly sustained when a cause of action is duplicative of another cause of action and adds nothing to the complaint by way of fact or theory of recovery. (*See, e.g.*, *Palm Springs Villas II Homeowners Assn., Inc. v. Parth* (2016) 248 Cal.App.4th 268, 290 [causes of action for "breach of governing documents" and "breach of fiduciary duty" were duplicative of one another and providing proper bases for sustaining a demurrer]; *Rodrigues v. Campbell Industries* (1978) 87 Cal.App.3d 494, 501 [demurrer was properly sustained without leave to amend as to cause of action that contained allegations of other causes and "thus add[ed] nothing to the complaint by way of fact or theory of recovery"]; *Award Metals, Inc. v. Sup. Ct.* (1991) 228 Cal.App.3d 1128, 1135 [demurrer sustained as to duplicative negligence claims]; Cal. Civ. Ctrm. Handbook. & Desktop Ref. §11:6 (2021 ed.) [duplicative causes of action is "basis for sustaining a demurrer"].) While one court opined that the proper procedure for addressing duplicative claims is a motion to strike, rather than demurrer, the result—eliminating the redundant causes of action from the lawsuit—is the same. (*See, Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 890.)[5]

Here, the first cause of action for "***negligence***" alleges that Defendants "had a duty to properly supervise the minor Plaintiffs," "knew or should have known of the Perpetrators' dangerous propensities," "breached their duty by allowing the perpetrator to come in contact with the minor

/ / /

[5] In light of *Blickman*, *supra*, 162 Cal.App.4th at 890, Defendants are also concurrently moving to strike the second, third, and fourth causes of action as duplicative. (See Omnibus Mot. to Strike).

Plaintiff without supervision" by "failing to adequately hire, supervise or retain the Perpetrators," and that the plaintiffs' were injured as a result." (Exh. 1, ¶¶17–19.)

The second cause of action, for "***negligent supervision/failure to warn***," asserts Defendants "had a duty to provide reasonable supervision of the Perpetrator, use reasonable care in investigating; and to provide adequate warning to the Plaintiffs and their families;" Defendants "should have known of the Perpetrators dangerous and exploitative propensities:" Defendants "knew or reasonably should have known" of the Perpetrator's "dangerous propensities"; and Defendants "negligently failed to supervise the Perpetrator," "failed to provide adequate warning," or take measures to prevent future abuse, causing Plaintiffs to be injured as a result. (Exh. 1, ¶¶22–24.)

The third cause of action for "***negligent hiring/retention,***" reasserts that Defendants "reasonably should have known of the Perpetrator's dangerous and exploitative propensities," and, despite such knowledge, "negligently hired and/or retained the Perpetrator in a position of trust," and "failed to take reasonable steps to prevent future sex abuse," and that the Plaintiffs were injured as a result. (Exh. 1, ¶¶27–28.)

The fourth cause of action, for "***negligent failure to warn, train or educate plaintiff,***" alleges, for the fourth time that Defendants had a "duty to protect the Plaintiffs from the risk of sexual assault" based on *Juarez v. Boy Scouts of America* (2000) 81 Cal.App.4th 377 ("*Juarez*") and under Penal Code section 11164, and breached that duty by "failing to warn train or educate" employees, the plaintiffs and their parents, and others about "how to report inappropriate or suspicious behaviors to law enforcement or others of Defendants' agents." (Exh. 1, ¶¶30–32.)

Even though the first four claims for negligence are pled in slightly different ways, each alleges Defendants had a "general duty" to protect Plaintiffs, knew or should have known of the perpetrators' dangerous propensities and each failed to supervise or train others about them or to prevent abuse. (Exh. 1, ¶¶17, 18 [first cause of action]; ¶¶22, 23 [second cause of action]; ¶¶26, 27 [third cause of action]; ¶30, 31 [fourth cause of action].) Simply stated, all four causes of action are for the same exact legal theory: negligence - as is also evidenced by the labels of these four claims, which are virtually identical. Further, inasmuch as these four negligence claims address the same primary right and injuries, they add nothing to the case by way of fact or theory of recovery and fail

as a matter of law. (*See*, *Palm Springs Villas II Homeowners Assn., Inc. v. Parth*, *supra,* 248 Cal.App.4th at p. 290 [redundant claims may be attacked on demurrer]; *Rodrigues v. Campbell Industries*, *supra*, 87 Cal.App.3d at p. 501. [same].)

In light of the number of Plaintiffs (57 to date) who have filed suit in these coordinated proceedings, allowing three unnecessary and duplicative negligence claims to proceed in each case (**a total or more than 170 duplicative negligence claims**), will unnecessarily result in exponential expansion of every aspect of these proceedings, including discovery and basic motion practice, trial, jury instructions, etc. This also undermines the essential function of coordination. (Code Civ. Proc. §404.1 [coordination should promote "the efficient utilization of judicial facilities and manpower" and the "disadvantages of duplicative and inconsistent rulings, orders, or judgments"]; *Abelson v. National Union Fire Ins. Co.* (1994) 28 Cal.App.4th 776, 786 ["purposes of coordination include promoting the efficient use of judicial resources"].) Coordination should "ease the transition through the judicial system of the logjam of cases which gives rise to coordination." (*McGhan Medical Corp. v. Sup. Ct.* (1992) 11 Cal.App.4th 804, 812.) Cal. Rule of Court 1541(b), requires judges in coordinated cases to "assume an active role in managing all steps of the pretrial, discovery and trial proceedings ***to expedite the just determination of the coordinated actions without delay***...." (Cal. Rule Court, 1541(b).)

While multiple redundant negligence claims in a single lawsuit filed by an individual plaintiff might not adversely affect the management of that one case, in same is not true in coordinated proceedings where case management challenges are far greater and judicial efficiency would be greatly compromised. The Court has the power to streamline the claims, especially where no additional damages would be sacrificed and where it will ultimately aid the Plaintiffs by promoting a more expeditious resolution of their action. Thus, this Court should sustain this demurrer to the second, third, and fourth causes of action. (*Palm Springs Villas II Homeowners Assn., Inc.*, *supra*, 248 Cal.App.4th at p. 290.)[6]

///

[6] Alternatively, if the Court finds that a motion to strike is the proper procedure by which to dismiss the duplicative claims, Defendants move to strike the second, third, and fourth causes of action in the omnibus motion to strike, filed concurrently with this demurrer.

Moreover, to the extent the fourth claim for negligence relies on a duty under the holding in *Juarez*, the California Supreme Court recently and expressly **disapproved of *Juarez*** (as discussed below), holding it cannot create an "independent" duty separate from the general negligence duty owed under *Rowland v. Christian* (1968) 69 Cal.2d 108. (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 231, *citing Juarez*, 81 Cal.App.4th at pp. 401–41 As Justice Cuellar observed in his concurring opinion, "[W]hile we disapprove several Court of Appeal cases, [including *Juarez*] we don't disapprove them to the extent they presume ***a general duty of reasonable care*** and find the policy considerations in *Rowland* support holding defendants to that duty." (*Id.* at p. 231. conc. opn of Cuellar, J) Thus, *Brown* illustrates why the fourth claim,—like the first three—is based on the same alleged "general duty of reasonable care" and is redundant of the other negligence claims. (*Id.*)

### 2. The Second and Third Causes of Action Fail for Lack of Facts Establishing Defendants Had Knowledge of Prior Acts by the Alleged Perpetrators

Plaintiffs' second and third causes of action ("negligent supervision/failure to warn" and "negligent hiring and retention,") fail for the additional reason that the claims lack facts to show Defendants had prior notice or knowledge that the alleged abusers would commit acts of sexual abuse. A claim for "negligent supervision" requires facts to show those in a supervisorial position over the bad actor had ***prior knowledge*** of the actor's propensity to do the bad act. (*Z.V. v. County of Riverside* (2015) 238 Cal.App.4th 889, 902; *Garcia ex rel. Marin v. Clovis Unified School Dist.* (2009) 627 F.Supp.2d 1187; *Noble v. Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654, 664 [We were cited to no authority, nor found any authority basing liability on the lack of, or on inadequate, supervision ***in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised.***]; *Roman Catholic Bishop v. Sup. Ct.* (1996) 42 Cal.App.4th 1556 [summary judgment proper where plaintiff failed to establish that the church could have discovered priest's unfitness before hiring him, absent facts showing an undue risk of harm the priest would commit criminal child sexual abuse if he were employed.].)

Prior knowledge of one's dangerous propensity is also required for the negligent hiring and retention claim. (*Doe v. Capital Records* (1996) 50 Cal.App.4th 1038, 1054.) Where the complaint asserts no facts to show the defendant school district had knowledge that certain employees could not

be trusted without supervision, the negligent hiring and retention claim fails. (*Garcia ex rel. Marin v. Clovis Unified School District, supra*, 627 F.Supp.2d at p. 1207.)

Here, the Model Complaint and complaints filed allege no facts at all to demonstrate Defendants had any prior knowledge that the alleged abuser would commit child abuse. Rather, Plaintiffs pled, in wholly conclusory manner:

> Prior to or during the abuse alleged above, Defendants knew or had reason to know, or were otherwise on notice, of misconduct that created a risk of childhood sexual assault…." the organizational Defendants "knew or had reason to know" of the priests alleged dangerous propensities, and "Defendants….knew of reasonably should have known of [perpetrators] dangerous or exploitive propensities…"

(*See, e.g.*, Exh. 1; Case Nos. 37-2020-00025154 and CIVDS 2012964, ¶¶13, 23, 27.) Absent facts showing Defendants were actually aware of any alleged danger before the misconduct occurred, Plaintiffs failed to state a valid claim for negligent supervision/failure to warn, negligent hiring/retention, and negligent failure to warn, train, or educate.

**3. The Fourth Cause of Action Also Fails to State a Claim Under the *Juarez* Case and Under Penal Code section 11164**

**(a) *Juarez* Does Not Apply**

The fourth claim for negligence also fails as it is based on: (1) *Juarez* which is no longer good law and does not apply to this case; and (2) Penal Code section 11164, *et seq.*, which was enacted after all acts of alleged abuse and does not apply retroactively. (*See e.g.*, Exh. 1, Case Nos. 37-2020-00025154 and CIVDS 2012964, ¶¶30, 31.)

Plaintiffs' theory in the fourth claim is that Defendants breached an independent duty created by *Juarez*, which required Defendants to warn Plaintiffs and their guardians or their employees and agents about how to "avoid, rebuff and minimize the risk" or how to report inappropriate or suspicious behavior. (Exh. 1, ¶31.) However, the California Supreme Court rejected *Juarez* as a basis for creating an *independent* duty to educate and train regarding sexual assault, which is fatal to the fourth cause of action. (*Brown,* 11 Cal.5th at p. 222, fn. 9. [Disapproving *Juarez* holding that *Rowland v. Christian* (1968) 69 Cal. 2d 110, negligence factors could provide an "alternative source" for a duty of care].) *Juarez* also did not create an independent duty separate from the general duty of

/ / /

care under negligence principles, which is alleged in the first cause of action for negligence, as well as the second and third, resulting in redundancy and duplication of claims.

*Juarez* was also expressly limited to the unique facts of that case and cannot create a claim here. The decision made a "special note" that "***the reach of this opinion is only intended to extend as far as the record before us today***" and other children's programs might not carry a similar duty. (*Juarez, supra*, 81 Cal.App.4th at p. 409 [We do not intend decision to serve as "manifesto by which lower courts are to impose duties of care upon all forms of charitable organizations...."].) Indeed, no court has utilized *Juarez* as a basis for permitting an independent claim for failure to educate and train. The facts in *Juarez* are also distinguishable from those alleged by the Plaintiffs here.[7]

Courts have not extended the independent duty to educate and train beyond the unique facts of *Juarez*, even in cases in which defendants created programs to educate about risks of childhood sexual abuse. (*See, e.g., Doe v. United States Youth Soccer Assn., Inc.* (2017) 8 Cal.App.5th 1118, 1139.) In *Doe*, the trial court's order sustaining a demurrer on an independent claim for "failure to educate," was affirmed even though the complaint alleged US Youth Soccer Association developed a "KidSafe Program" and other written materials. (*Id.*) The *Doe* court held that imposing a burden on defendants to implement a sexual abuse training program would be "substantial" and distinguished *Juarez* where the Boy Scouts had already developed a comprehensive training program, including Spanish materials, to provide to every level of scouting. (*Id.*)

By contrast, here, none of the Plaintiffs allege Defendants adopted or contemplated a similar training program decades ago when the alleged abuse occurred. Thus, there is no ground to justify applying the decision to create a standalone cause of action for alleged failure to educate and train. Rather, as the *Doe* court found, *Juarez* cannot create an independent duty or support a claim for failure to educate or train. Plaintiffs also have not pled that Defendants created programs to educate

///

---

[7] In *Juarez,* the Boy Scouts identified child sexual abuse as a concern and developed a comprehensive "Youth Protection Program" Guidelines, a video and handbook to educate leaders, volunteers, parents, and scouts about detecting and preventing sexual abuse. *Juarez* observed the Scouts identified prevention of sexual abuse as a priority but never provided these any of the education, training or materials to the plaintiff, his mother, troop leader, or his troop. (*Id.* at p. 401.) Based upon these specific and unique facts, the Court of Appeal concluded that the multi-factor test set forth in *Rowland v. Christian*, *supra* 69 Cal.2d 108 created an "independent legal duty" to provide training and education to the plaintiff. (*Id.* at pp. 401–409.)

# Pages omitted